Dear Ms. Anthony:
You requested the opinion of this office concerning whether the Board of Veterinary Medicine Examiners (the "Board") may purchase a building for the purpose of providing the Board with permanent office space. If so, and the Board must finance a portion of the purchase price, is State Bond Commission approval necessary? Thirdly, must the Board go through the capital outlay process in order to acquire the building?
In order for a state department, agency, board of commission to buy or sell immovable property, it must be specifically authorized to do so by a legislative act. Op.Atty.Gen. 82-247.
The Board is created pursuant to La. R.S. 37:1515 and La. R.S.37:1517(A)(6) specifically authorizes the Board to "purchase or rent necessary office space, equipment, and supplies." Therefore, as you noted, the Board is specifically authorized to purchase a building to be used for office space. It should be noted that the Commissioner of Administration must sign any act of sale for the acquisition of the property. La. R.S. 39:11.
In answer to your second question, the undersigned could not find any authority for the Board to borrow money, incur debt or execute a mortgage and therefore, the Board could not finance the acquisition of the office building nor mortgage the property. La. Const. Art. VII, Sections 6 and 14. If the Board was able to obtain legislative authorization for such borrowing, it would need to obtain the approval of the State Bond Commission for any such borrowing. La. Const. Art. VII, Sec. 8.
In answer to your final question, it is the opinion of this office that if the Board is able to pay cash for the building, it would be unnecessary for the Commission to go through the capital outlay process in order to purchase or acquire the building.
The Board is not required to deposit its monies in the state treasury. Article VII, Section 9(A)(2) and Op.Atty.Gen. 78-67(A). The capital outlay procedure in Title 39 sets forth the process to be followed in order for a project to be contained in the capital outlay act, which is an appropriation act. La. R.S.39:112. If the Board's money is not in the state treasury and thus does not have to be appropriated in order to be spent, the Board would not need its project to be included in the capital outlay act. If the Board does not need to be included in the capital outlay act, it would not have to follow the capital outlay process. Op.Atty.Gen. 94-140.
Trusting this adequately responds to your request, I remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH/jav 3130m